William WALKER, Appellant

v.

Alan BROWN,[1] Warden, Appellee.

No. 2012–CA–001818–MR.

Court of Appeals of Kentucky.

Nov. 22, 2013.

---

1. Walker has named William Seabold as the Appellee, however Seabold retired several years ago as the Warden of the Kentucky State Reformatory. Warden Seabold held that position nine years ago when Walker filed the state habeas petition in 03–CI–136. Pursuant to an Order entered the 12th day of November, 2013, Alan Brown, the current warden, has been named as the Appellee in this appeal.

William Walker, West Liberty, KY, pro se.

Jack Conway Attorney General of Kentucky Perry T. Ryan Assistant Attorney General Frankfort, KY, for Appellee.

Before LAMBERT, MOORE, and VANMETER, Judges.

## OPINION AND ORDER

LAMBERT, JUDGE:

William B. Walker appeals the Oldham Circuit Court's order denying his third Kentucky Rules of Civil Procedure (CR) 60.02 motion to vacate a 2003 order denying his petition for a writ of habeas corpus. Walker named William Seabold, Former Warden of the Kentucky State Reformatory, as the respondent/Appellee herein. The Commonwealth has filed a motion to dismiss the current appeal as frivolous, and the motion has been passed to this panel for review on the merits. After careful review, we hereby grant the Commonwealth's motion to dismiss the appeal.

On December 8, 1998, the Warren Circuit Court entered judgment against Walker, convicting him of rape in the second degree (two counts); sodomy in the second degree (two counts); use of a minor in a sexual performance (two counts); and selling a contraband substance to a minor. Walker was sentenced to a term of imprisonment of 80 years. The sitting trial judge at that time ruled that Walker was not entitled to a public defender because he was not indigent. Rather than use his own funds to employ counsel, Walker elected to represent himself during trial. After the jury convicted him of the various charges, he did not file a direct appeal. By failing to appeal, Walker forfeited the right to address any claim of trial error. Because he chose to represent himself at trial, Walker was not entitled to file a motion to vacate the judgment or to assert a claim for ineffective assistance of trial counsel. The United States Supreme Court has ruled that "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Faretta v. California*, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

Walker's latest CR 60.02 motion was filed on September 26, 2012, which he styled, "Motion for Relief from Order Granting Special Finding and Imposing Contempt Sanctions." On October 4, 2012, the trial judge entered an order denying the motion. Walker filed a motion for *in forma pauperis* status, so he could appeal; however, Walker did not disclose the fact that he owns real estate in Warren County, which is tax assessed at $21,500.00. Without this information, the trial court granted Walker's motion to proceed *in forma pauperis*. On the same day, Walker's notice of appeal was filed. This appeal then followed.

On November 13, 2012, the Commonwealth filed a motion to dismiss this action based on three grounds. On January 18, 2013, this Court entered an order which passed the motion to dismiss to the merits panel.

In its motion to dismiss, the Commonwealth first argues that this appeal is only one of over fifty petitions and/or appeals which Walker has filed in the state and federal courts in his efforts to challenge his 1998 criminal convictions in the Warren Circuit Court. The Commonwealth points to Kentucky Revised Statutes (KRS) 454.410(5), which states as follows:

In no event shall an inmate bring a civil action or appeal a judgment in a civil action or proceeding under this section

*if the inmate has, on three (3) or more occasions within a five (5) year period, while incarcerated or detained in any facility, brought an action or appeal in any court that was dismissed on the grounds that it was frivolous, malicious, or harassing,* unless the prisoner is under imminent danger of serious physical injury, without paying the entire filing fee in full.

(Emphasis added). The Commonwealth now argues in its brief that the motion panel likely passed this motion to the merits panel for guidance as to how KRS 454.410 should be enforced, since the statute itself does not provide guidance and since neither the Kentucky Rules of Criminal Procedure nor the Kentucky Rules of Civil Procedure address this question. The Commonwealth has specifically asked this Court to clarify whether a motion to dismiss is the appropriate procedure.

■ We agree with the Commonwealth's argument that KRS 454.410 applies and that a motion to dismiss is the appropriate procedure. Although Walker filed twelve federal habeas petitions, they were unsuccessful because he had not exhausted his state court remedies. Under federal law, 28 U.S.C. § 2254, a state inmate must raise all claims at the state court level before requesting relief in the federal courts. Otherwise, the claim will be deemed procedurally infirm. Under the above circumstances, Walker has no remaining remedies. However, that has not discouraged Walker from continuing to challenge his convictions. Walker has filed fourteen state petitions for writs of habeas corpus, twenty-five state petitions for writs of mandamus/and or prohibition, and twelve federal petitions for writs of habeas corpus. Including the present appeal, various aspects of Walker's convictions have been reviewed by this Court thirty-seven times. The Kentucky Su-

preme Court has reviewed various aspects of Walker's convictions nine times. Various courts, including this one, have imposed fines for contempt, largely because Walker continues to litigate the same issues. In the past five years, at least three courts—one federal and two state courts—have determined that Walker has filed frivolous, malicious, and/or harassing actions or appeals. In particular, the record indicates orders in Boyle Circuit Court case 11–CI–00263 and Knox Circuit Court case 10–CI–00456, as well as an order dismissing an appeal to the United States Court of Appeals for the Sixth Circuit (No. 11–5857), all of which dismiss Walker's petitions after finding his filings to be "frivolous" and/or "malicious or harassing." Thus, Walker's current appeal is barred by KRS 454.410(5).

The Commonwealth also urges this Court to dismiss because Walker is not indigent. We agree that Walker is not indigent. When applying for *in forma pauperis* status in the Oldham Circuit Court, Walker did not disclose that he owns real estate in Warren County, which has been tax assessed at $21,500.00. The Kentucky Supreme Court has also taken notice of Walker's many filings and entered an order stating, "[Walker's] motion to proceed *in forma pauperis* in this proceeding is denied and any pre-existing *in forma pauperis* status conferred by a court of Kentucky is hereby vacated." However, we need not address this argument because the first argument supports the Commonwealth's motion to dismiss.

■ Finally, the Commonwealth asserts that there are no Kentucky cases which have ruled that CR 60.02 may be used to set aside a nine-year-old order denying state habeas relief. Walker is attempting to appeal from an order of the Oldham Circuit Court which denied his CR 60.02 motion to set aside a previous order, en-

tered June 3, 2003, which denied one of his numerous state petitions for writs of habeas corpus. Indeed, the language of CR 60.02 requires that such a motion filed under the rule must be filed within one year unless certain specified exceptions are met. Walker's argument does not qualify under any of the exceptions outlined in the rule.

Therefore, we hereby grant the Commonwealth's motion to dismiss the current appeal. Because William Walker has filed numerous frivolous papers in this Court and will most likely continue to do so, the Court believes that special sanctions are appropriate. If William Walker files an appeal in circuit court, to the Court of Appeals, or if Mr. Walker pays the full filing fee to file an action in the Court of Appeals, the Clerk of the Court of Appeals is directed to present the documents to a three-judge panel for review of whether the matter is frivolous and should be summarily dismissed.

ALL CONCUR.